United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 05-40917
Conference Calendar

—————————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

PEDRO ANAYA-GOMEZ, also known as Enrique Nava-Vasquez, also
known as Jose Hernandez,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-128-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Pedro Anaya-Gomez appeals from his guilty-plea conviction

for illegal reentry into the United States.  He argues that the

provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of

Apprendi v. New Jersey, 530 U.S. 466 (2000).  Anaya-Gomez's

constitutional challenge is foreclosed by Almendarez-Torres v.

United States, 523 U.S. 224, 235 (1998).  Although Anaya-Gomez

contends that Almendarez-Torres was incorrectly decided and that

a majority of the Supreme Court would overrule Almendarez-Torres

———————————

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Anaya-Gomez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Accordingly, the district court's judgment is AFFIRMED.